## BLACK versus McGILVERY.

Under c. 211, of laws of 1851, no warrant can issue for the seizure of the vessels containing spirituous liquors designed for illegal sale.

If an officer in executing a search warrant for spirituous liquors designed for illegal sale, under that chapter, seizes the vessel in which it is contained, he is liable therefor.

But no action can be maintained against him for the liquors contained in such vessels.

ON REPORT from *Nisi Prius*, HATHAWAY J., presiding. TRESPASS.

The suit was brought to recover the value of certain casks belonging to the plaintiff, and if entitled to recover for the liquor contained in them, the writ was to be amended accordingly.

The justification set up was, that the defendant was aid to an officer, who held a warrant made under c. 211, of the laws of 1851, requiring him to search the premises mentioned therein, and seize the spirituous liquors there deposited for illegal sale, &c. The vessels seized contained the obnoxious liquors, all belonging to plaintiff.

The liquors seized were shown to be kept by plaintiff for sale in violation of c. 211, of laws of 1851, and were ordered to be destroyed.

It was stipulated, that the Court were to render such judgment upon the evidence admissible as the legal rights of the parties required.

*W. Davis*, for defendant.

*A. T. Palmer*, for plaintiff.

SHEPLEY, C. J. — The plaintiff appears to have been the owner of certain intoxicating liquors and of the casks or vessels containing them.

The liquors were seized by virtue of a warrant issued by a justice of the peace, under the Act approved on June 2, 1851, c. 211, and the vessels appear to have been taken with them.

Neither the Act nor the warrant, under which the defendant acted, as an aid to the officer, authorized the seizure or forfeiture of the vessels containing the liquors. Such a construction of the Act as would embrace private property, not named, and cause a forfeiture of it, cannot be admitted.

Neither the warrant nor the judgment of the Justice au-

thorized their seizure or destruction, and the defendant can derive no protection from them.

The proof presented, shows that the liquors were kept by the plaintiff for the purpose of sale by him, contrary to law; and in such case, as was decided in the case of *Preston* v. *Drew*, 33 Maine, 558, no action can be maintained to recover for their value.

It is not therefore necessary to decide, whether that section of the Act, which authorized their seizure, was in conformity to the provisions of the constitution.

*Defendant defaulted to be heard in damages.*

TENNEY, HOWARD, APPLETON and HATHAWAY, J. J., concurred.